UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20282-CR-UNGARO/SIMONTON

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**AIDA LOPEZ,**

    Defendants.

_____/

**ORDER REQUIRING THE UNITED STATES TO FILE A SUPPLEMENTAL AFFIDAVIT**

    **Presently pending before the Court is Plaintiff's Motion for Commencement of Proceeding Supplementary To Execution, To Implead Third Party To Said Proceeding; and Motion To Issue an Order To Show Cause (DE # 131).  Defendant Aida Lopez has not responded to the motion and the time to do so has run.  For the reasons stated below, the United States is required to file a supplemental affidavit which satisfies the requirements of Fla. Stat. § 56.29.**

    **I.  Background**

    **A.  Defendant's Conviction and Sentence**

    **On August 15, 2007, Defendant Aida Lopez (hereafter "Defendant"), pled guilty to conspiracy to commit health care fraud, beginning on or about February 2001 to on or about June 10, 2003, in violation of 18 U.S.C. § 1349 (Count 2) and, conspiring to defraud the United States by submitting false claims to the United States and by receiving kickbacks, beginning on or about February 2001 to on or about June 10, 2003, all in violation of 18 U.S.C. § 371 (Count 1).**[1]

---

    [1] **There was no written plea agreement.**

**On November 8, 2007, the District Court sentenced Defendant to 57 months imprisonment and ordered her to pay restitution in the amount of $1,095,554.45 (hereafter "the Restitution Order") (DE # 62). As of March 1, 2010, Defendant has paid $775.00 towards her restitution order, and owes $1,170,367.54. Pursuant to 18 U.S.C. § 3613(c), upon the entry of judgment against Defendant, a lien arose upon all property and rights in property belonging to Defendant.[2]**

**Defendant appealed from her sentence. On June 28, 2008, the Eleventh Circuit Court of Appeals affirmed her sentence (DE # 82).**

**Defendant is presently incarcerated at FCI Coleman Medium, Coleman, Florida. Her projected release date is February 22, 2012.**

**B.  <u>Defendant's Real Properties, Transferred to Her Daughter</u>**

**At the time of her sentencing on November 8, 2007, Defendant owned seven residential properties, all located in Miami-Dade County: A) 606 S.W. 114th Avenue, Sweetwater, Florida (Ex. A to DE # 125); B) 11136-38 S.W. 5th Street, Sweetwater, Florida (Ex. B to DE # 125); C) 11270 S.W. 3rd Street, Sweetwater, Florida (Ex. C to DE # 125); D) 8320 N.W. 8th Street, Apt 2-307, Miami, Florida (Ex. D to DE # 125); E) 8320 N.W. 8th Street, Apt 2-415, Miami, Florida (Ex. E to DE # 125); F) 953 N.W. 123rd Court, Miami, Florida (Ex. F to DE # 125)[3]; and G) 14320 S.W. 22nd Street, Miami, Florida (Ex. G to DE #**

---

[2] **On November 3, 2008, the United States recorded its lien against Defendant's real property in the public records of Miami-Dade County (Book 26635, page 4036) (Ex. I to DE # 125).**

[3] **On August 4, 2003, fugitive co-defendant Domingo Lopez quitclaimed this property to Defendant (Ex. G5 to DE # 125).**

125).[4]

On November 14, 2007, Defendant quitclaimed five of the properties: A) 606 S.W. 114th Avenue, Miami, Florida (Ex. A 1 to DE # 125)[5]; B) 11136-38 S.W. 5th Street, Miami, Florida (Ex. B 1 to DE # 125)[6]; C) 11270 S.W. 3rd Street, Miami, Florida (Ex. C 1 to DE # 125)[7]; D) 8320 N.W. 8th Street, Apt 2-307, Miami, Florida (Ex. D 1 to DE # 125); and E) 8320 N.W. 8th Street, Apt 2-415, Miami, Florida (Ex. E 1 to DE # 125)[8], to her daughter, Ivis Lopez.  On November 29, 2007, Defendant quitclaimed another property, 953 N.W. 123rd Court, Miami, Florida (Ex. F 1 to DE # 125), to her daughter, Ivis Lopez.[9]  On October 29, 2004, Defendant had quitclaimed another of the properties, 14320 S.W. 22nd Street, Miami, Florida, to her daughter, Ivis Cruz (Ex. G 1 to DE # 125) [10]

In Defendant's Financial Statement of Debtor (OBD-500), dated February 12, 2009, Defendant's daughter, Ivis Lopez, who has a durable Power of Attorney for Defendant, stated that Defendant had not transferred any assets out of her name for less than their

---

[4] Defendant purchased this property on November 20, 2002, during the course of the conspiracies.

[5] This property is unencumbered (Ex. A2-4 to DE # 125).

[6] This property is unencumbered (Ex. B2-4 to DE # 125).

[7] This property is unencumbered (Ex. C2-4 to DE # 125).

[8] There are mortgages in the amount of $80,000.00 on each of the units located at 8320 N.W. 8th Street (Ex. D2 and E2 to DE # 125).  Based on public records, Defendant remains legally obligated on the mortgages that have been recorded to secure the payment of the promissory notes connected to these properties.  The United States estimates that the amounts owed on these properties are $68,886.00 and $66,432.00 respectively.  The Miami-Dade Appraiser's Office estimates that each of these unites is worth $123,960.00 (Ex. D3 and E3 to DE # 125).

[9] This property is unencumbered (Ex. F 2 to DE # 125).

[10] Based on public records, this property is homestead property, and is also unencumbered (Ex. G2-4 to DE # 125).

actual value.  In the statement, Defendant claimed that she was the owner of only one property, 953 N.W. 123rd Court, Miami Florida.  However, on November 29, 2007, Defendant quitclaimed this property to her daughter, Ivis Lopez, and based on public records, this property is homestead property.

      C.    <u>Defendant's Financial Accounts and Bank Accounts</u>

On March 6, 2009, the Clerk of the Court issued a Writ of Garnishment for Garnishee, American International Group, Inc. (hereafter "AIG) (DE # 99).  AIG responded that the accounts were closed on December 17, 2007 (DE # 92 and Ex. H to DE # 125).

II.   <u>The Government's Motion</u>

In this motion, the United States seeks to commence a proceeding supplementary against a third party, Defendant's daughter, Ivis Lopez, to execute on the subject properties and to apply the proceeds to the outstanding restitution judgment against Defendant.  The United States contends that the transfer of the properties in this case was improper pursuant to 28 U.S.C. § 3304(b)(1)(A) and Fla. Stat. § 56.29(6)(a) (DE # 125).

      III.   <u>Analysis</u>

The United States seeks authorization for proceedings supplementary under Fla. Stat. § 56.29.  Under Rule 69, state law concerning supplementary proceedings will govern to  the extent that they are not preempted by federal law.  *Allied Indus. Int'l, Inc. v. AGFA-Gevaert, Inc.*, 688 F.Supp. 1516, 1517 (S.D. Fla. 1988).  Here, Fla. Stat. § 56.29 governs.

Rule 69(a) directs that the procedure on execution "shall be in accordance with the practice and procedure of the state in which the district court is held."  The procedures for impleading third parties in supplementary proceedings are set forth in Fla. Stat. § 56.29.  *See Kobarid Holdings v. Reizen*, 2007 WL 14294 at *2 (S.D. Fla. Jan. 2,

2007), *citing General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496 n.22 (11th Cir. 1997). Under Fla. Stat. § 56.29, the two jurisdictional prerequisites for supplementary proceedings are 1) an unsatisfied writ of execution and 2) an affidavit averring that the writ is valid and unsatisfied along with a list of persons to be impleaded. No other showing is necessary to implead third parties. *See General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d at 1496 n.22.

The United States have not provided the required supplementary affidavit which avers that the a valid, unsatisfied writ of execution has been issued,, along with a list of persons to be impleaded. As the government's failure to satisfy the requirements of Fla. Stat. § 56.29 is not a technicality, the government must file a supplementary affidavit which satisfies the requirements of Fla. Stat. § 56.29.

Therefore, for the reasons stated above, it is hereby

**ORDERED** that on or before April 30, 2010, the United States must file a supplementary affidavit which satisfies the requirements of Fla. Stat. § 56.29.

**DONE AND ORDERED** in chambers, in Miami, Florida, on April 15, 2010.

/s/ Andrea M. Simonton
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies provided via CM/ECF to:**
The Honorable Ursula Ungaro,
    United States District Judge
All counsel of record